IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY L. BALL,

                                   OPINION AND ORDER

                Petitioner,

                                 07-cv-670-bbc

      v.

RICHARD J. RAEMISCH, Secretary
of the Department of Corrections,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Barry L. Ball has filed objections to the report and recommendation issued

by the United States Magistrate Judge on April 30, 2008, in which the magistrate judge

recommended denial of the petition for habeas corpus that petitioner filed under 28 U.S.C.

§ 2254.  Petitioner is challenging a prison disciplinary decision finding him guilty of violating

prison regulations against battery and sexual conduct.  He contends that he was denied due

process when he was found guilty without being allowed to confront his accusers or even to

read their complete statements.

On April 27, 2004, petitioner was charged by prison officials at the Oshkosh

Correctional Institution with having persuaded his cellmate, Shawn Weaver, to perform oral

1

sex on him in return for commissary items and with having hit Weaver in the face.  The conduct report issued to petitioner did not set out any dates or locations for thise alleged incidents.

At the disciplinary hearing held to consider the conduct report, the adjustment committee considered the sworn statements of five informants.  Each expressed a fear of retaliation if his identity was revealed; one said that Weaver was afraid to tell staff about the sexual acts because petitioner had threatened him.  Petitioner was not allowed to read the full statements but was provided a summary of the statements, which included allegations that petitioner had made sexual overtures to other inmates.  The summaries did not reveal the informants' names or give the dates and locations of the acts discussed.  Petitioner submitted a written statement to the committee, denying he had engaged in any sexual activity with Weaver, had hit Weaver in the face or had made sexual overtures to any other inmate.  The adjustment committee found him guilty of both the sexual conduct and battery charges.  Petitioner was given 8 days of adjustment segregation, 360 days of program segregation, loss of good time and was transferred to another prison.

In a written order, the adjustment committee explained its reasons for the decision, noting that petitioner had not provided any witnesses to support his testimony but had merely denied any involvement in the incidents. The committee explained that it had found the statements of the confidential informants credible because they were signed and

2

notarized under oath, they clearly identified petitioner, gave detailed accounts of his sexual

acting out, and several contained descriptions of another inmate with a red mark on his face.

(In fact, not all of the statements were notarized, but all were made subject to the penalties

of perjury.)   Moreover, the committee found, the informant statements were similar in

context, consistent with one another and supported the allegations of the conduct report.

Petitioner exhausted his state court remedies, as he must before filing a petition for

habeas corpus in federal court.  Both the Circuit Court for Dane County, Wisconsin and the

Wisconsin Court of Appeals affirmed the disciplinary decision and the state supreme court

denied his petition for review.

The magistrate judge reviewed petitioner's challenge to the court of appeals' decision

and found that petitioner had not shown that the decision was contrary to or an

unreasonable application of federal law or that it was based on a reasonable determination

of the facts.  Once he made this finding, he was required by 28 U.S.C. § 2255(d) to

recommend the dismissal of the petition.

Petitioner has responded to the magistrate judge's report with 21 pages of objections,

mostly centered on his contention that the magistrate judge erred in his determination that

the state court of appeals acted correctly.  Besides objecting strenuously to the procedures

followed by the adjustment committee, petitioner objects to not having an adequate

opportunity to brief the issues before the magistrate judge.  Although petitioner set out his

3

allegations in his petition and filed objections to the facts alleged by respondent in his response, he believes that the magistrate judge should have given him an opportunity for briefing. I need not decide whether he is correct, now that he has had a full opportunity to be heard on his objections to the magistrate judge's report and to raise all of his arguments for overturning the disciplinary committee's decision.

Petitioner begins by objecting to the magistrate judge's failure to address the shortcomings in the certiorari review the state provides prisoners. He maintains that the procedure does not afford inmates due process because the courts' review is limited to the record provided by prison disciplinary committee. No other evidence is considered and the record itself is not a verbatim account of the proceedings. It includes only the charging document (the conduct report), any written statements and the committee's decision, which is supposed to contain its reasons for its decision and the evidence on which it relied.

The magistrate judge had no reason to take up the adequacy of the certiorari procedure because this is not something a federal court can consider in a § 2254 proceeding. Section 2254 limits the federal court to deciding whether the state court decision fell short in three specific ways: it was contrary to clearly established federal law; it was an unreasonable application of such law; or it was based on an unreasonable determination of the facts.

Petitioner's primary objection is to the magistrate judge's finding that petitioner was

4

not deprived of due process at the hearing. However, he makes a subsidiary agreement that the magistrate judge erred in basing his analysis on cases from the Court of Appeals for the Seventh Circuit when § 2254(d)(1) talks of applying federal law "as determined by the Supreme Court of the United States." If the Supreme Court has never determined that a disciplinary committee can withhold identities, dates and times of criminal acts from a person subject to a disciplinary hearing, how, petitioner asks, can the magistrate judge hold that doing so is constitutional?

The answer to petitioner's question is that it is his burden to prove that the Supreme Court has held that the due process clause prohibits prison officials from ever withholding those pieces of information in a disciplinary hearing. It is not respondent's burden to prove the contrary. His own citation of Schaff v. Snyder, 190 F.3d 513 (7th Cir. 1999), confirms this. As Schaff explains, "[a] petitioner must have a Supreme Court case to support his claim, and that Supreme Court decision must have clearly established the relevant principle as of the time of his direct appeal." Id. at 522.

I turn then to the question whether petitioner was deprived of due process at his hearing. As the magistrate judge made clear, the issue is not whether this court would have made the same decision as the state courts were the question before it. Under § 2254, the only issue is whether the state court of appeals' decision to the contrary was "unreasonable." As he explained, the answer has to be that it was not. The court of appeals analyzed the

5

circumstances in which the adjustment committee withheld the information from petitioner and its reasons for doing so.  It concluded that the committee had met its obligation to provide petitioner due process in the particular circumstances before it.  The committee had summarized all of the allegations made by the informants and made the summaries available to petitioner, so he knew the nature of those allegations.  The times and places of specific sexual encounters between petitioner and his cellmate were not essential to petitioner's ability to defend against the charges.  He knew how long and when he had been celled with Weaver and therefore knew the time period in which the acts would have occurred.  The state court of appeals observed that it would have been more concerned about the failure to identify the two inmates to whom petitioner had allegedly made overtures had the committee charged petitioner in additional counts for those acts; since it did not, the omission of the information was not a critical point.

Petitioner acknowledges that the Supreme Court has approved the withholding of inmate identities, Ponte v. Real, 471 U.S. 491 (1985), but he argues that it has never extended this ruling to the withholding of dates and locations of alleged misconduct. Reading Ponte carefully, it seems plain that the Supreme Court would allow the withholding of such information if prison security interests required it so long as the inmate had sufficient information to enable him to contest the charges against him, as petitioner did in this case, and if the disciplinary hearing committee can explain its reasons for withholding

6

the information.  Id. at 496-97.  Even if there is room for debate on this point, I cannot conclude that the state courts' decisions were contrary to Ponte or an unreasonable application of that case.

In summary, in determining petitioner's guilt, the adjustment committee faced the difficult task of balancing the prison's security concerns and petitioner's due process rights. The court of appeals did not make an unreasonable decision when it found that the disciplinary committee's resolution of the problem preserved petitioner's due process rights.

ORDER

IT IS ORDERED that the magistrate judge's recommendation to deny petitioner Barry L. Ball's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 is ADOPTED and the petition is DENIED.  The clerk of court is directed to enter judgment for defendant Richard J. Raemisch and close this case.

Entered this 17th day of June, 2008.

BY THE COURT:


/s/

_____
BARBARA B. CRABB
District Judge

7